UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ZACHARY TEMPLE,<br><br>Plaintiff,<br>v.<br><br>AMSHER COLLECTION SERVICES, INC.,<br><br>Defendant. | Civil Case No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant AmSher Collection Services, Inc.'s ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Over approximately the past two years, Defendant has placed repeated telephone calls to Plaintiff Zachary Temple's cellular telephone without his prior express consent.

3. These calls were an effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

4. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1). Furthermore, many of these calls were made using a prerecorded voice.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct

giving rise to this case occurred in, and was directed at, this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Tuscaloosa, Alabama. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant AmSher Collection Services, Inc. is, and at all times mentioned herein was, a corporation headquartered at 600 Beacon Parkway West, Suite 300, Birmingham, Alabama, 35209. Defendant conducts significant business in Alabama and nationwide.

10. Defendant AmSher Collection services, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

11. Over approximately the past two years, Defendant has placed numerous telephone calls to Plaintiff's cellular telephone, number 256-###-3432.

12. These calls originated from Defendant, primarily from Defendant's number 888-473-4860.

13. These calls were all in an effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

14. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The

system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. This is evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click/beep before Defendant's system would connect Plaintiff to a live representative. This behavior is indicative of an automatic telephone dialing system.

16. Plaintiff never gave Defendant his prior express consent to make such calls to his cellular telephone.

17. In addition, Plaintiff has repeatedly explained to Defendant that it had the wrong number, and has asked Defendant to stop calling his cellular telephone. These requests were ignored.

18. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage and data usage.

19. Furthermore, as a direct consequence of the Defendant's conduct, Plaintiff has suffered and continues to suffer from anxiety, emotional distress, frustration, and embarrassment.

20. Plaintiff is entitled to statutory damages and injunctive relief.

### FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

21. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

22. Defendant placed repeated calls to Plaintiff on his cellular telephone.

23. These calls all used an automatic telephone dialing system.

24. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

25. Furthermore, even if he had, Plaintiff told Defendant that it had the wrong number and asked Defendant to stop calling.

26. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zachary Temple prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award statutory damages;

D. An award of actual damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 20, 2015               */s/ Jeremy M. Glapion*_____
                                       Jeremy M. Glapion
                                       **THE GLAPION LAW FIRM, LLC**
                                       1704 Maxwell Drive, Suite 102
                                       Wall, New Jersey 07719
                                       Tel: 732.455.9737
                                       Fax: 732.709.5150
                                       jmg@glapionlaw.com