UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ZACHARY TEMPLE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:15-CV-1214-RDP |
| } | |
| AMSHER COLLECTION SERVICES, } | |
| INC., } | |
| } | |
| Defendant. | |

# SCHEDULING ORDER

On October 29, 2015, the court held a scheduling conference with counsel for the parties.

Appearing at the conference were:

Representing plaintiff: _____Jeremy Glapion (via telephone)_____

Representing defendant: _____Laura C. Nettles (via telephone)_____

This case is: **Jury**.

This order governs further proceedings in this action unless modified for good cause shown. It is hereby **ORDERED** as follows:

1. **EXTENSIONS FOR THE DEADLINES SET FOR DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS WILL NOT BE EXTENDED ABSENT GOOD CAUSE SHOWN.**

2. **Discovery:** All discovery is to be commenced in time to be completed by **May 30, 2016**.

3. **Limitations on Interrogatories:** Maximum of **25** interrogatories (including discrete subparts) by each party to any other party. Responses due 30 days after service.

4. **Limitations on Requests for Production:** Maximum of __30__ requests for production (including discrete subparts) to any other party. Responses due 30 days after service.

5. **Limitations on Requests for Admission:** Maximum of __30__ requests for admission by each party to any other party. Responses due 30 days after service.

6. **Limitations on Depositions:** Maximum of __5__ depositions by plaintiff and by defendant. Each deposition is limited to a maximum of __7__ hours unless extended by agreement of the parties or order of the court.

7. **Reports from retained experts under Fed.R.Civ.P. 26(a)(2):** Due from plaintiff by **March 4, 2016**, and from defendant by **April 1, 2016**.

8. **Parties and Pleadings:** Plaintiff is allowed until **January 15, 2016** to join additional parties and to amend the pleadings. Defendant is allowed until **February 15, 2016** to join additional parties and amend the pleadings.[1]

Unless the party's pleading may be amended as a matter of course pursuant to Fed.R.Civ.P. 15(a), the party must file a Motion for Leave to Amend. Such Motion for Leave to Amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed Amended Complaint or Amended Answer, which is suitable for filing. The Motion for Leave to Amend, with the attached amended pleading, shall be served in accordance with Fed.R.Civ.P. 5.

9. **Supplementation of disclosures and discovery under Fed.R.Civ.P. 26(e)** is due as soon as new information is received**,** or no later than thirty (30) days prior to the discovery deadline.

---

[1]Any Amended Complaint must comply with Fed.R.Civ.P. 8(a), 10(b) and 11(b).

2

10. **Dispositive Motions:** All potentially dispositive motions should be filed by **June 24, 2016**. Appendix II attached hereto sets forth the briefing and submission requirements of summary judgment motions for all parties. The court will not issue a briefing schedule order upon submission of a dispositive motion. Exhibit B attached hereto governs Non-Summary Judgment Motions. The parties are expected to follow the directions set forth in Appendix II and Exhibit B.

11. **Final lists of witnesses and exhibits under Fed.R.Civ.P. 26(a)(3)** must be filed __30__ days before trial.[2] The parties shall have __14__ days after service of final lists of witnesses and exhibits to file objections under Fed.R.Civ.P. 26(a)(3).

12. **Additional Conferences: Pretrial conference ready in October 2016**.

13. **Mediation:** Unless a party objects, in **June 2016**, the court will issue an order referring this case to mediation.[3] A party may object to the referral to mediation – and in that event the court will not issue the mediation order – by corresponding with the court's chambers on or before **May 30, 2016**. An order sending the parties to mediation does not operate as a stay of the proceedings.[4] If the case is sent to mediation the court will not delay any deadlines set in this order; specifically, the deadlines set for discovery cutoff and for filing dispositive motions will not be extended.

---

[2] Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not so listed. The listing of a witness does not commit the listing party to have such witness available at trial or to call such witness to testify, but does preclude the listing party from objecting to the presentation of such witness' testimony by another party.

[3] The order does not set a date certain for mediation. Rather, the parties are ordered to complete mediation by the date provided within the order referring this case to mediation.

[4] Although the Northern District of Alabama's ADR Plan provides for a stay of proceedings during mediation (ADR Plan IV.B.4.), this court does not stay the proceedings for mediation.

14. This case will be trial ready in **November 2016**.

   **Estimated trial time:   3 days**.

15. **Marking of Exhibits:**  Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall pre-mark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of the Court.  By the time the case is scheduled for trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial **shall not** ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.

   **DONE** and **ORDERED** this October 30, 2015.

   _____
   **R. DAVID PROCTOR**
   UNITED STATES DISTRICT JUDGE

# APPENDIX II
# SUMMARY JUDGMENT REQUIREMENTS

> **NOTICE**
>
> This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

## SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed no later than twenty-one (21) days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than fourteen (14) days after the date on which the opponent's responsive submission was filed.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and in opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

**REQUIREMENTS FOR BRIEFS**

A.  **Format**

Initial and response briefs are limited to thirty (30) pages. Reply briefs are limited to ten (10) pages. Briefs that exceed twenty (20) pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty (50) words, which may be block indented from the left and right margins and single spaced) using 12-point typeface, preferably Times New Roman.

B.  **Number Submitted**

The parties must **electronically file** their brief through the court's CM/ECF system. The parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the brief, clearly identified as a "courtesy copy." The parties shall also email to the court's chambers such brief in Word or WordPerfect format.

C.  **Binding**

The court's "courtesy copy" of the brief *must be securely bound* (*e.g.* by three-ring binder or large clip) for ease of use, *and*, to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

D.  **Manner of Stating Facts**

All briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions.

1.      **Moving Party's Initial Statement of Facts**

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.[1]

2.      **Opposing Party's Statement of Facts**

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

   a.      **Response to Movant's Statement**

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment*.

---

[1] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

### b. Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[2] The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

### c. Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[3]

## 3. Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered*

---

[2] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

[3] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

*paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must electronically file through the courts CM/ECF system, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or in opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate the line number.

**A.     Organization**

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition

5

of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[4]  **Counsel is directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four (4) pages of deposition text per 8½" by 11" page.

**B.     Number of Sets Submitted**

The parties must **electronically file** one set of evidentiary materials through the courts CM/ECF system. The parties must simultaneously **submit** to the Clerk of Court, for delivery to the court's chambers by the Clerk, an exact copy of the set of evidentiary materials, clearly identified as a "courtesy copy." There must be *no differences* between the electronically filed materials and the "courtesy copy."

**C.     Binding of Courtesy Copy**

The courtesy copy of the evidentiary submission *must be securely bound* ─ in separately numbered volumes, if necessary ─ for ease of use and to prevent inadvertent loss of pages.

---

[4] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

**EXHIBIT B**
**Non-Summary Judgment Motion Scheduling Order[1]**

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, the following schedule and requirements for the submission of briefs are established. Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

**A.    Schedule**

1.     Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

2.     The opponent's responsive brief shall be filed no later than **seven (7) calendar** days thereafter. (NOTE: Days should be calculated without taking into account FED.R.CIV.P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day).

3.     The movant's reply brief shall be filed no later than **three (3) calendar** days after the date on which the opponent's responsive brief is filed. (NOTE: Days should be calculated without taking into account FED.R.CIV.P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day).

---

[1] NOTE: The following instructions do not apply to summary judgment motions unless an order of the court specifically provides otherwise. Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at http://www.alnd.uscourts.gov/Proctor/ProctorsPage.htm.

The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs.  It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard and counsel is expected to take care that service of copies is not unreasonably delayed.[2]  Upon conclusion of the submission schedule, the court may take the motion under submission without further notice to the parties and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

**B.    Briefs**

The parties shall *electronically file* their briefs through the courts CM/ECF system and shall submit an exact courtesy copy of the brief to the Clerk's office for delivery to the court's chambers.[3]  The parties are then required to email their briefs, in Word or WordPerfect format, to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*.  The materials submitted to the Clerk's office for delivery to the court's chambers, as well as those sent via email, shall contain the exact same materials and only the materials which are electronically filed through the courts CM/ECF system.  There must be no differences between the electronically "filed" briefs and the "copy" provided to the court, except that the courtesy copy submitted for chambers *must* be *three-hole punched*.   In the event of a later appeal, the court will not look favorably upon

---

[2] The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1) business day later.

[3] Deliveries are no longer accepted in the court's chambers unless prior arrangements have been made.

motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not electronically "filed" with the Clerk.

Briefs should be entitled "[Movant's or Opponent's] [Initial, Responsive or Reply] Submission in Response to Exhibit B of the Court's Order" to ensure that the brief will be filed by the Clerk in the official court record. The text of initial and responsive briefs shall not exceed twenty-five (25) pages and reply briefs are limited to ten (10) pages.[4] Briefs exceeding ten (10) pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief itself. Tables of Contents shall not be included for purposes of computing the number of pages in a brief.

**C.   Required Certification**

Counsel for either party (or any individual under the direction or control of a party), signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response to such a motion, or a reply to any such response, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

**D.   Oral Argument**

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing or motion docket. Oral argument is not required, but either party may submit a request for oral argument by serving a request on the court and opposing party. Requests for oral

---

[4] Briefs must be typewritten and double spaced, using at least 12-point type. The court expects that counsel will respect the page limitation established by this order. Transparent attempts on the part of counsel to circumvent page limitations by manipulating type sizes, margins, line spacing, or other similar end runs will not be tolerated.

argument must be separately submitted for delivery to the court's chambers (<u>not</u> filed). The court will permit oral argument if it appears it is necessary or would be helpful to the motion's expedient and appropriate disposition.